UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

MICHAEL MINTZ and TONI MARIE
MINTZ, individually and on behalf
of others similarly situated,

               Plaintiff,

-against-

SYNCHRONY BANK,

               Defendants.
------------------------------------------------------------------X

Civil Action No.:

**CLASS ACTION
COMPLAINT FOR VIOLATIONS
OF THE TELEPHONE
CONSUMER PROTECTION ACT**

Plaintiffs, MICHAEL MINTZ and TONI MARIE MINTZ ("Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, M. Harvey Rephen & Associates, P.C., as and for its Complaint against the Defendant, SYNCHRONY BANK(hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiffs bring this action on their own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

### PARTIES

2. Plaintiffs MICHAEL and TONI MARIE MINTZ are residents of the State of New York, residing at 281 Collington Drive, Ronkonkoma, New York 11779.

3. Defendant SYNCHRONY BANK, is a Utah corporation with an address located at 170 Election Road, Suite 125, Draper, Utah 84020.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

6. Plaintiffs bring this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar debt collection notices and/or letters/communications from Defendant which, as alleged herein, are in violation of the TCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

7. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

8. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from Defendant, which violate various provisions of the TCPA.

9. The debt collection notices and/or letters/communications from Defendant, received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer".

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the TCPA, as codified by Title 47, Code §227.

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiffs will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

19. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. On or about May, 2015 Defendant began communicating with Plaintiff by means of automated telephone calls to the mobile telephone number of Plaintiff MICHAEL

MINTZ (hereinafter referred to as "MM") of 516 469 1434 and the mobile telephone number of Plaintiff TONI MARIE MINTZ (hereinafter referred to as "TMM") of 516 680 0693.

21. Defendant's calls as identified by Plaintiff's telephone identification originated from telephone number 937 534 2092 and from an "Unknown Number."

22. On or about June 1, 2015, Plaintiffs sent a letter to Defendant requesting that Defendant cease and desist automated calls to their telephone, informing Defendant that Plaintiffs have their mobile telephones at work and cannot be receiving multiple calls every day at their places of employment.

23. Plaintiffs' letter was sent via Certified Mail, Return Receipt Requested and a copy of said Certified receipt signed by Defendant's employee, "Bruce Schomon" evidences Defendant's receipt of Plaintiff's request on June 5, 2015 and is hereto attached as Exhibit "A."

24. A copy of Plaintiff's letter dated June 1, 2015 is attached hereto as Exhibit "B."

25. Despite Defendant's receipt of Plaintiff's request, Defendant continued to place automated telephone calls to Plaintiffs' telephone numbers at a rate of three (3) to five (5) calls per day for the following fifty-two days through July 28, 2015.

26. On July 1, 2015, Plaintiff, MICHAEL MINTZ, answered a telephone call to his mobile telephone and spoke with a representative of Defendant who identified herself as "Betty."

27. "Betty" stated that she was calling about $113 due on a GAP account by Plaintiff TONI MARIE MINTZ and spoke with a discernable East Indian accent causing her to mispronounce Plaintiff's name.

28. Plaintiff MICHAEL MINTZ accepted the message and asked where "Betty" was calling from and "Betty" replied, "India."

29. Plaintiff MICHAEL MINTZ then requested that automated calls which Plaintiffs had been receiving cease and desist and "Betty" replied that she would make a note of Plaintiff's request but did not know how she might do that.

30. Thereafter, Defendant's automated telephone calls continued to Plaintiffs' telephones originating from domestic number of 937 534 2092 and, upon information and belief, number in India which appeared on Plaintiffs' caller identification as "Unknown."

31. On July 15, 2015, Plaintiff MICHAEL MINTZ placed a telephone call to Defendant and was connected to an employee who identified himself as "Van" and stated that he was speaking to Plaintiff from India.

32. Plaintiff MICHAEL MINTZ repeated his request that no further automated telephone calls be made by Defendant to his or his wife's telephones, and "Van" responded by saying that he would make a note of Plaintiff's request.

33. Despite Plaintiffs' repeated requests, Defendant's autodialed telephone calls persisted at a rate of three (3) to five (5) per day from June 5, 2015 up to and including July 28, 2015 and said calls comprised between one hundred and fifty six (156) to two hundred and sixty (260) calls.

### FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

34. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "33" herein with the same force and effect as if the same were set forth at length herein.

35. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

36. With the autodialer calls to Plaintiff's telephone commencing on or about June 1, 2015 and continuing at a rate of up to two hundred sixty (260) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

37. The Defendant, after having been informed that Plaintiffs requested that no further calls be made, willfully violated the TCPA at least one hundred and fifty (150) times.

38. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls, could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations, we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution: